Jonathan R. Robbin
J. ROBBIN LAW PLLC
200 Business Park Drive
Suite 103
Armonk, New York 10504

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------
SMS FINANCIAL STRATEGIC INVESTMENTS III, LLC, an Arizona limited liability company,

                        Plaintiff,

    vs.

249 WEST 49TH STREET, LLC; SHEELI AGGARWAL, as Administrator of the Estate of Rakesh K. Aggarwal, THOMAS BURKE, derivatively and on behalf of 49th Street Restaurant; FRANK MCCOLE, derivatively and on behalf of 49th Street Restaurant; 49TH STREET RESTAURANT, LLC; NEW YORK CITY DEPARTMENT OF TRANSPORTATION; NEW YORK CITY DEPARTMENT OF FINANCE; VAHAN CAKIR; CAKIR CONSTRUCTION; JOHN DOE AND MARY DOE, said John Doe and Mary Doe defendants being fictitious and unknown to Plaintiff, it being intended to name all other parties who may have some interest in or lien upon the premises sought to be foreclosed,

                        Defendant.
-------------------------------------------------------------------

Case No.

## **COMPLAINT**

Plaintiff, SMS FINANCIAL STRATEGIC INVESTMENTS III, LLC ("Plaintiff"), by its attorneys, J. Robbin Law, PLLC, files this Complaint (the "Complaint") against defendants, and in support thereof alleges, as follows:

1

## NATURE OF THE ACTION

1.      This is an action brought to foreclose on a mortgage encumbering the real property commonly known as 249 WEST 49TH STREET, NEW YORK, NEW YORK 10019, known on the Tax Map for the County of New York as BLOCK 1021 LOT 5 in the Borough of Manhattan and within the City, County, and State of New York ("Real Property").

## THE PARTIES

2.      Plaintiff, SMS Financial Strategic Investments III, LLC, is an Arizona limited liability company with its main office located in Phoenix, Arizona. Plaintiff is the current owner and holder of the operative notes and mortgages defined below.

3.      Defendant, 249 WEST 49TH STREET, LLC ("Borrower"), is a limited liability company organized under the laws of the State of New York with its principal place of business located at 84-61 Abingdon Road, Kew Gardens, New York 11415.  Borrower is named as a defendant to extinguish all estate, right, title and interest it holds, including its interest as the record fee owner, in and to the Real Property and the premises, fixtures, improvements, equipment, furnishings and related personal property located thereon (the "Personal Property," and together with the Real Property, as more particularly described in the Mortgage (as defined herein), the "Property"), and to determine its liabilities and obligations under the Loan Documents (as defined herein).

4.      Defendant, SHEELI AGGARWAL ("Administrator"), is the Administrator of the Estate of Rakesh K. Aggarwal ("R. Aggarwal"), who was, until his death, the sole member of Borrower.  Administrator is a named defendant as it pertains to extinguish any estate, right, title and interest Administrator may hold including, but not limited to, Administrator's interest as the tenant or member of the tenant in the Real Property.

5. Defendant, 49TH STREET RESTAURANT, LLC ("49th Street Restaurant"), is a limited liability company organized under the laws of the State of New York with its principal place of business located at 249 W. 49th Street, New York, New York 10019. 49th Street Restaurant is named as a defendant to extinguish all estate, right, title and interest it holds including, but not limited to, its interest as the tenant in the Real Property pursuant to a lease agreement dated May 1, 2010.

6. Defendant, THOMAS BURKE ("Burke"), derivatively and on behalf of 49th Street Restaurant, is an Operating Member of 49th Street Restaurant. Burke is a named defendant as it pertains to extinguish any potential estate, right, title and interest it may holds including, but not limited to, his interest as the tenant or member of the tenant in the Real Property as it pertains to the action commenced by Burke in New York County Supreme Court, County of New York, under Index Number 155539/2019.

7. Defendant, FRANK McCOLE ("McCole"), derivatively and on behalf of 49th Street Restaurant, is an Operating Member of 49th Street Restaurant. McCole is a named defendant as it pertains to extinguish any potential estate, right, title and interest it may holds including, but not limited to, his interest as the tenant or member of the tenant in the Real Property as it pertains to the action commenced by McCole in New York County Supreme Court, County of New York, under Index Number 155539/2019.

8. Defendant, NEW YORK CITY DEPARTMENT OF TRANSPORTATION ("NYC-DOT") is an agency or instrumentality of the City of New York. NYC-DOT is made a defendant due to possible unpaid amounts that may be owed in connection with the Property and for the purpose of foreclosing liens against the Property which have accrued or which may accrue subsequent to the lien of the mortgages later defined herein by virtue of possible unpaid amounts

which are or may be due and may become due to NYC-DOT from any owner of record of the Property, including, without limitations, any unpaid amounts and/or liens against the Property resulting from the following judgments or liens in favor of NYC-DOT:

    a. Sidewalk Lien Under Control Number 00324525201 dated May 14, 2014.

9. Defendant, NEW YORK CITY DEPARTMENT OF FINANCE ("NYC-DOF") is an agency or instrumentality of the City of New York. NYC-DOF is made a defendant due to possible unpaid amounts that may be owed in connection with the Property and for the purpose of foreclosing liens against the Property which have accrued or which may accrue subsequent to the lien of the mortgages later defined herein by virtue of possible unpaid amounts which are or may be due and may become due to NYC-DOF from any owner of record of the Property, including, without limitations, any unpaid amounts and/or liens against the Property resulting from the following judgments or liens in favor of NYC-DOF:

    a. NY State Tax Warrant Control Number 00363113001 dated July 13, 2017 in the amount of $1,629.68.

10. Defendant, VAHAN CAKIR ("Cakir"), is a creditor. Cakir is made a defendant due to possible unpaid amounts that may be owed in connection with the Property and for the purpose of foreclosing liens against the Property which have accrued or which may accrue subsequent to the lien of the mortgages later defined herein by virtue of possible unpaid amounts which are or may be due and may become due to Cakir from any owner of record of the Property, including, without limitations, any unpaid amounts and/or liens against the Property resulting from the following judgments or liens in favor of Cakir:

    a. Judgment Control Number 00301178908 dated August 2, 2012 in the amount of $150,525.00.

11. Defendant, CAKIR CONSTRUCTION is a creditor. CAKIR CONSTRUCTION is made a defendant due to possible unpaid amounts that may be owed in connection with the Property and for the purpose of foreclosing liens against the Property which have accrued or which may accrue subsequent to the lien of the mortgages later defined herein by virtue of possible unpaid amounts which are or may be due and may become due to CAKIR CONSTRUCTION from any owner of record of the Property, including, without limitations, any unpaid amounts and/or liens against the Property resulting from the following judgments or liens in favor of CAKIR CONSTRUCTION:

    a. Judgment Control Number 00301178917 dated August 2, 2012 in the amount of $150,525.00.

12. Defendants John and Jane Does, said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein.

13. Each of the above-named defendant(s) has or may claim to have some interest in or lien upon said Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the mortgages defined herein.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees, and complete diversity of citizenship exists between Plaintiff, a citizen of Arizona, and each of the defendants, which are citizens or subjects of New York.

15. For purposes of diversity jurisdiction under 28 U.S.C. § 1348, Plaintiff is a citizen of Arizona because it is an Arizona limited liability company, whose managing member is SMS Financial, LLC, an Arizona limited liability company.

16. Borrower is a limited liability company, whose sole member is non-party, R. Aggarwal, who is now deceased and the Administrator is the Administrator of his Estate. Borrower's principal place of business is located in the State of New York.

17. Defendant, 49th Street Restaurant, is a limited liability company with its principal place of business located in the State of New York.

18. Defendant, Burke, is an Operating Member of 49th Street Restaurant, which maintains its principal place of business located in the State of New York.

19. Defendant, McCole, is an Operating Member of 49th Street Restaurant, which maintains its principal place of business located in the State of New York.

20. Defendant, NYC-DOT, is an agency or instrumentality that maintains its principal place of business located in the State of New York.

21. Defendant, NYC-DOF, is an agency or instrumentality that maintains its principal place of business located in the State of New York.

22. Defendant, Vahan Cakir, is an individual who, upon information and belief, is located at 84 Oak Street Ridgewood, New Jersey.

23. Defendant, Cakir Construction, is a company who, upon information and belief, has its principal offices at 84 Oak Street Ridgewood, New Jersey.

24. This Court has personal jurisdiction over the defendants pursuant to Federal Rule of Civil Procedure 4, and CPLR 301 and CPLR 302. This Court also has personal jurisdiction over

the Borrower under Section 12 of the subject Consolidation 2 (as defined herein), pursuant to which the Borrower irrevocably submitted to the jurisdiction of this State.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the property that is the subject of this action is located in the Southern District of New York, in New York County, New York, and pursuant to Section 12 of the subject Consolidation 2 (as defined herein).

## FACTS

### I. The Loan and Related Loan Documents

26. On or about December 12, 2008, Borrower, as obligor, duly executed, acknowledged and delivered to Habib American Bank ("Habib") a Note dated December 12, 2008, in the original principal amount of $2,800,000.00 ("Note 1"). *See* Exhibit B to **Exhibit G** annexed hereto.

27. As collateral security for the payment of Note 1, Borrower executed, acknowledged and delivered to Habib a Mortgage dated as of December 12, 2008 ("Mortgage 1") secured against the Property. Mortgage 1 was recorded in the City Register on December 31, 2008 in CRFN 2008000492524. Annexed hereto as **Exhibit A** is a true and accurate copy of Mortgage 1.

28. On or about October 24, 2012, Borrower, as obligor, duly executed acknowledged and delivered to Cantor Commercial Real Estate Lending, L.P. ("Cantor") a Note dated October 12, 2008 in the original principal amount of $912,686.27 ("Note 2"). *See* Exhibit B to **Exhibit G** annexed hereto.

29. To secure its payment and performance obligations under Note 2, Borrower executed, acknowledged and delivered to Cantor a Gap Mortgage, Assignment of Leases and Rents and Security Agreement dated October 24, 2012 ("Mortgage 2") secured against the Property.

Mortgage 2 was recorded in the City Register on December 18, 2012 in CRFN 2012000495143. Annexed hereto as **Exhibit B** is a true and accurate copy of Mortgage 2.

30. Mortgage 1 and Mortgage 2 were consolidated to form a single lien in the amount of $3,530,000.00 pursuant to an Amended, Restated and Consolidated, Mortgage, Assignment of Leases and Rents and Security Agreement and Fixture Filing executed, acknowledged and delivered by Borrower to Cantor dated October 24, 2012 ("Consolidation 1"). Consolidation 1 was recorded in the City Register on December 18, 2012 in CRFN 2012000495144. Annexed hereto as **Exhibit C** is a true and accurate copy of Consolidation 1.

31. Concurrently with Consolidation 1, Borrower also executed an Amended and Restated Promissory Note ("Consolidated Note 1") to Cherrywood Mortgage, LLC ("Cherrywood") dated October 24, 2012 in the amount of $3,530,000.00, which consolidates, amends and restates in their entirety the terms and provisions of the prior Notes. *See* Exhibit B to **Exhibit G** annexed hereto.

32. Consolidation 1 and all corresponding Notes were thereafter transferred, as follows: (1) by Cantor to Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Comm 2012-CCRE5 Commercial Mortgage Pass-Through Certificates ("Wells Fargo") pursuant to an assignment of mortgage dated December 13, 2012 and recorded in the City Register on April 16, 2013 in CRFN 20103000149539; and (2) by Wells Fargo to Cherrywood pursuant to an assignment of mortgage dated May 15, 2019 and recorded in the City Register on June 4, 2019 in CRFN 2019000173493 (together, "Assignments of Consolidation 1"). At that time, there was due and owing an unpaid principal balance of $3,199,596.25. Annexed hereto as **Exhibit D** are true and accurate copies of the Assignments of Consolidation 1.

8

33. On or about May 17, 2019, Borrower, as obligor, duly executed, acknowledged and delivered to Cherrywood a Note dated May 17, 2019, in the original principal amount of $750,403.75 ("Note 3"). Annexed hereto as **Exhibit E** is a true and accurate copy of Note 3.

34. To secure its payment and performance obligations under Note 3, Borrower executed acknowledged and delivered to Cherrywood a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing in the original principal amount of $750,403.75 ("Mortgage 3"). Mortgage 3 was recorded in the City Register on June 4, 2019 in CRFN 2019000175494. Annexed hereto as **Exhibit F** is a true and accurate copy of Mortgage 3.

35. Mortgage 3 and Consolidation 1 were thereafter consolidated to form a new single lien in the amount of $3,950,000.00 pursuant to a (1) Loan and Security Agreement executed, acknowledged and delivered by Borrower to Cherrywood dated as of May 10, 2019 ("Loan Agreement") and (2) Consolidation, Extension and Modification Agreement executed, acknowledged and delivered by Borrower to Cherrywood dated May 17, 2019 ("Consolidation 2"). Consolidation 2 was recorded in the City Register on June 4, 2019 in CRFN 2019000173495. Annexed hereto as **Exhibit G** is a true and accurate copy of the Loan Agreement. Annexed hereto as **Exhibit H** is a true and accurate copy of Consolidation 2.

36. Concurrently with Consolidation 2, Borrower also executed an Amended and Restated Promissory Note ("Consolidated Note 2") to Cherrywood dated May 17, 2019 in the amount of $3,950,000.00, which consolidates, amends and restates in their entirety the terms and provisions of all the prior Notes. Annexed hereto as **Exhibit I** is a true and accurate copy of Consolidated Note 2.

37. Consolidation 2 and all corresponding Notes were thereafter transferred, as follows: (1) by Cherrywood to Greenleaf Income Trust II ("Greenleaf") by assignment of mortgage dated

June 1, 2020 and recorded in the City Register on June 9, 2020 in CRFN 2020000167494; and (2) by Greenleaf to Plaintiff via assignment of mortgage dated June 1, 2020 and recorded in the City Register on June 9, 2020 in CRFN 2020000167615 (together, "Assignments of Consolidation 2"). Annexed hereto as **Exhibit J** are true and accurate copies of the Assignments of Consolidation 2.

38. Note 1, Mortgage 1, Note 2, Mortgage 2, Consolidation 1, Consolidated Note 1, Assignments of Consolidation 1, Note 3, Mortgage 3, Loan Agreement, Consolidation 2, Consolidated Note 2, and Assignments of Consolidation 2 are collectively referred to as the "Loan" or "Loan Documents."

39. Borrower's obligations are governed and secured by the Loan Documents.

40. The Loan Documents are governed by New York law.

41. Plaintiff is the owner of the Loan Documents and is in possession of the original Notes, specifically, Consolidated Note 2.  Therefore, the holder and owner of the Loan Documents on the date of the filing of this Complaint.

## II.     The Payment Defaults

42. Pursuant to Schedule 2 to the Loan Agreement, among other provisions of the Loan Documents, Borrower was obligated to pay installments of interest on the 1st day of each calendar month (the "Payment Date"), commencing on June 1, 2019, and continuing through and including May 1, 2049, or any earlier date on which the unpaid principal balance of the Loan becomes due and payable by acceleration or otherwise.  *See* **Exhibit G.**

43. Borrower failed to pay the full amount due under the Loan Documents on March, April, May, and June 2020, and continuing thereafter (each a "Payment Default," and collectively, the "Payment Defaults").

44. Each of the Payment Defaults constitutes a breach of Borrower's obligations under the Loan and an Event of Default pursuant to Section 14.01 of Consolidation 2, among other provisions of the Loan Documents. *See* **Exhibit G** and **Exhibit H.**

45. Pursuant to Section 5 of Consolidation 2, among other provisions of the Loan Documents, Borrower expressly waived its right to receive notice or demand regarding the Payment Defaults or the exercise of any remedies by Plaintiff as a result thereof. *See* **Exhibit G** and **Exhibit H.**

46. Nevertheless, on or about June 19, 2020, Plaintiff sent Borrower notice of default and acceleration, notifying Borrower that it had committed an Event of Default under the Loan because "Borrower has failed to pay, exclusive of escrowed payments for property taxes and insurance, the Monthly Debt Service Payment for March, April, May and June 2020 in the amount of $30,022.86 each." Annexed hereto as **Exhibit K** is a true and accurate copy of the Acceleration Notice.

47. Plaintiff further notified Borrower that the entire outstanding principal balance of the Loan, together with all accrued interest, including interest at the Default Rate (as defined herein) from the date of the earliest Event of Default, late charges, and costs and expenses, including attorneys' fees, disbursements and court costs, and all other amounts owing under the Loan Documents, had been declared immediately due and payable (the "Acceleration Notice"). *See* **Exhibit K.**

48. Pursuant to Section 140.02(a) of Consolidation 2, among other provisions of the Loan Documents, upon the occurrence of continuing Events of Default, the entire unpaid principal balance of the Mortgage Loan, any Accrued Interest, interest accruing at the Default Rate, the

Prepayment Premium, and all other Indebtedness immediately due and payable. *See* **Exhibit G** and **Exhibit H.**

49. On or about July 19, 2021, Plaintiff sent Borrower a notice of continuing default and demand for immediate payment ("Demand"). The Demand provides the additional amounts that have accrued under the Loan, together with the total amount due under the Loan. Annexed hereto as **Exhibit L** is a true and accurate copy of the Demand.

50. On September 3, 2021, Plaintiff sent Borrower another Notice of Continuing Default and Demand for Immediate Payment and also provided Borrower with the required COVID-19 Hardship Declaration. Annexed hereto as **Exhibit M** is a true and accurate copy of the Notice of Continuing Default.

51. Borrower failed to return or acknowledge the COVID-19 Hardship Declaration.

52. Borrower has failed to pay the amounts due on the Loan in full and remains in default under the Loan Documents.

53. Pursuant to Section 5 of Consolidation 2, among other provisions of the Loan Documents, Borrower is liable for and shall pay, in addition to all other sums owing under the Loan, all costs, expenses, and fees, including but not limited to reasonable attorneys' fees and expenses, incurred in connection with Plaintiff's enforcement and collection of the sums due from Borrower under the Loan. *See* **Exhibit G** and **Exhibit H.**

### III.   The Guaranty

54. At the time of executing the Loan Agreement and Consolidation 2, Defendant Sheeli Aggarwal ("Guarantor), executed a guaranty agreement dated May 10, 2019 (the "Guaranty"). Annexed hereto as **Exhibit N** is a true and accurate copy of the Guaranty.

55. Under the Guaranty, the Guarantor "absolutely, unconditionally and irrevocably guarantees to Lender full and prompt payment and performance when due …"

56. The Guaranty was reaffirmed when the parties entered into an Omnibus Amendment to Loan Documents and Reaffirmation of Guaranty in or around June 2019 ("Omnibus Amendment"). Annexed hereto as **Exhibit O** is a true and accurate copy of the Omnibus Amendment.

57. As a result of the Guaranty and Omnibus Amendment, Guarantor is fully liable to Plaintiff for all sums due and owing under the Loan Agreement and Consolidation 2.

58. To the extent that a deficiency exists following this foreclosure, Plaintiff reserves all rights to seek a deficiency against Guarantor and to sue on the Guaranty for Guarantor's breach of the Guaranty and Omnibus Amendment.

59. Plaintiff verily believes that during the pendency of this action, in order to protect the security of the Loan Documents, it may be compelled to make advances to prior mortgagees, if any, for installments of principal and interest, taxes, assessments, water rates, and/or fire insurance premiums that are or may become due under said prior mortgage or to the receiver of taxes, or to the fire insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in Consolidation 2 foreclosed and deemed further secured thereby.

60. That no other action is pending for the recovery of said sum secured by the Consolidated Note 2 and Consolidation 2.

61. That Plaintiff shall not be deemed to have waived, altered, released or changed the election made by reason of any payment after the date of commencement of this action.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Reformation of Consolidation 2)**

62. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

63. Consolidation 2 contains a Legal Description, which indicates that the Property is located at 249 West 49th Street, New York, New York 10036 in the County of New York, Block 1021, Lot 5. *See* **Exhibit G** and **Exhibit H.**

64. The Legal Description does not indicate that the Property is located in the Borough of Manhattan.

65. Solely for clarification purposes and the avoidance of doubt, Plaintiff requests that Consolidation 2 be reformed so as to include the Borough of Manhattan in its Legal Description.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Foreclosure of Consolidation 2)**

66. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

67. Borrower's Payment Defaults constitute Events of Default under Consolidation 2 and Loan Documents, and entitle Plaintiff to exercise its contractual remedies under the Loan Documents to foreclose upon Consolidation 2. *See* **Exhibit G** and **Exhibit H.**

68. Section 5(a) of Consolidation 2 provides, in relevant part, that upon the occurrence of an Event of Default, Plaintiff may "proceed by suit or suits at law or in equity or any other appropriate proceeding or remedy (i) to enforce payment of the Mortgage Loan; (ii) to foreclose this Security Instrument judicially or non-judicially, (iii) to enforce or exercise any right under any Loan Document; and (iv) to pursue any one (1) or more other remedies provided in this security

Instrument or in any other Loan Document or otherwise afforded by applicable law." *See* **Exhibit H.**

69. In addition, Section 5(b) of Consolidation 2 provides "the whole of the Mortgaged Property may be sold in one (1) parcel as an entirety or in separate lots or parcels at the same time or different times, all as Lender may determine in its sole discretion." *See* **Exhibit H.**

70. The full amount of the Loan is currently due and payable.

71. Borrower has failed to pay the Loan.

72. Pursuant to the Loan Documents and applicable law, the total unpaid balance of Borrower's obligations under the Loan Documents was estimated, as of August 1, 2021, to be at least $4,866,060.65, and includes (i) the unpaid total principal amount of $4,702,891.17, (ii) late charges in the amount of $6,004.59; and (iii) a prepayment premium of $157,194.89. The amount of the Debt shall be recalculated at the appropriate stage of this case to reflect the total amount then due and owing under the Loan.

73. To protect its security, Plaintiff may be compelled during the pendency of this action to pay charges affecting the Property. Such sums paid by Plaintiff, together with interest thereon and any other amounts due under the Loan Documents as a result thereof, constitute part of the Loan due to Plaintiff under the Loan and Loan Documents, and, accordingly, Plaintiff requests that any such sums be added to the sums otherwise due under the Loan Documents.

74. Each of the defendants herein have or claim to have some interest in, or lien upon the Property or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of Plaintiff's Consolidation 2 and the Loan Documents sought to be foreclosed in this action.

75. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of Consolidation 2 and the Loan Documents, or for recovery of the sum evidenced by the Notes and secured by Consolidation 2 or any part thereof.

76. Section 9-x of New York's Banking Law is not applicable to the parties or Loan at issue in this action.

77. All conditions precedent necessary to bring forth the claims set forth herein have been satisfied.

78. Plaintiff requests that in the event that this action proceeds to a judgment of foreclosure and sale, the Property be sold subject to the following:

   a. Any state of facts that an inspection of the Property would disclose;

   b. Any state of facts that an accurate survey of the Property would show;

   c. Covenants, restrictions, easements, and public utility agreements of record, if any;

   d. Building and zoning ordinances or codes of the municipality, or any of its agencies or instrumentalities, in which the mortgaged Property is located and possible violations of such ordinances or codes;

   e. Any rights of lawful tenants or persons lawfully in possession of the Property, except for Borrower and any tenants or occupants of the Property affiliated with Borrower;

   f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale; and

   g. Prior lien(s) of record, if any.

79. Plaintiff's election to accelerate and declare immediately due and payable all unpaid amounts owing under the Loan and Loan Documents shall not be, or deemed to have been,

waived, altered, released or changed by reason of this action, or by any payment received after the commencement of this action, and such election shall continue and remain effective.

**WHEREFORE**, Plaintiff respectfully requests:

a. that Consolidation 2 be reformed so as to include the Borough of Manhattan in its Legal Description;

b. that the defendants and all persons claiming under them, subsequent to the commencement of this action, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to (A) the Property, as more particularly described in this Complaint, and each and every part and parcel thereof, including any personal property appurtenant thereto, (B) any and all leases, licenses, and/or occupancy agreements of any kind or nature in or to the Property or any portion thereof; that the Property may be decreed to be sold, according to law, in "as is'' physical order and condition; that the monies arising from the sale thereof may be brought into Court; that Plaintiff may be paid the amount due on the Loan Documents, with interest, default interest, late charges, exit fees, and the expenses of such sale, including attorneys' fees, together with the costs, allowances, and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Loan Documents set forth in this Complaint or to protect the lien of the pursuant to the Loan Documents, together with interest and default interest upon those sums accruing from the dates of the respective payments and advances, so far as the amount of such monies properly applicable thereto will pay the same; that the Borrower and Guarantor may be adjudged to pay the whole residue, or so much thereof as permitted under the Loan Documents or the Court determines to be just and equitable, of the debt remaining unsatisfied after the sale and the application of the proceeds pursuant to the directions contained in such judgment;

  c. that, upon application therefor, this Court forthwith appoint a receiver in accordance with the provisions of the Loan Documents;

  d. Plaintiff's costs, expenses, fees, and disbursements of this action, including attorneys' fees, costs, and expenses; and

  e. such other and further relief as the Court may deem just and proper.

Dated: Armonk, New York
   December 20, 2021

              Respectfully submitted,

              **J. ROBBIN LAW PLLC**

         By: */S/ Jonathan M. Robbin*
            Jonathan M. Robbin, Esq.
            200 Business Park Drive, Suite 103
            Armonk, NY 10504
            (914) 685-5016
            Jonathan.robbin@jrobbinlaw.com

            *Counsel for Plaintiff*